IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| TREVOR WILSON and DARLENE WILSON, Individually and as Representatives of JALEY WILSON, a Minor,<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and ACTUS LEND LEASE, d/b/a FT. HOOD FAMILY HOUSING, LLP,<br><br>   Defendants. | Civil No. 1:11-CV-00221-SS |

**DEFENDANT UNITED STATES OF AMERICA'S FED. R. CIV. P. 12(b)(1) MOTION AND MEMORANDUM TO DISMISS PLAINTIFFS' FEDERAL TORT CLAIMS ACT, 28 U.S.C. §1346(b)(1), 2671-80, CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

## I.  INTRODUCTION

The United States hereby moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' Federal Tort Claims Act ("FTCA"), 28 U.S.C.§§ 1346(b)(1), 2671-80, claims for lack of subject matter jurisdiction.  This motion should be granted because the United States was not the owner of the housing units at issue, and the Army exercised its discretionary authority and delegated responsibility for maintenance of the family housing unit at issue to its contractor Fort Hood Family Housing LP ("FHFH LP").  *See* 28 U.S.C. § 2680(a).  Furthermore, the United States is not liable under the doctrine of *respondeat superior* because FHFH LP is a contractor and the Army did not retain or exercise day-to-day control or supervision over FHFH LP's maintenance of the unit.  *See* 28 U.S.C. § 2671.

## II.  STATEMENT OF THE CASE

From August 2007 to July 2009, Plaintiffs occupied Fort Hood family housing unit 5577-1.  Complt. at 2 (Dkt. 1).  Plaintiffs allege that they were exposed to mold and have suffered personal injuries and property damage.  *Id*. at 3.  Plaintiffs assert that the United States and Actus Lend Lease ("ALL") d/b/a FHFH LP owed a duty because they owned, operated and controlled family housing unit 5577-1, and failed to: (1) maintain the air-conditioning system; (2) secure the premises and provide a safe environment; (3) prevent mold; (4) operate the property in a safe manner; and (5) prevent a dangerous condition in the home.  *Id*. at 3.  Plaintiffs also assert that FHFH LP was acting within the course and scope of its employment with the Army, and that therefore the government is liable under the doctrine of *respondeat superior*.  *Id*. at 4.

The Court lacks subject matter jurisdiction because the Army, consistent with the Military Housing Privatization Initiative ("MHPI"), 10 U.S.C. §§ 2871-82, transferred ownership of

family housing units at Fort Hood, including unit 5577-1, to FHFH LP in 2001, *see* Appendix A, Statement of Facts ¶¶5-14 (hereinafter cited as "SOF ¶__"); and, pursuant to the Partnership Agreement, Army's Business Agreement with FHFH LP, and Fort Hood Regulation 210-48, exercised protected discretionary authority in delegating to FHFH LP maintenance responsibility for family housing at Fort Hood.  SOF ¶¶1-6, 9-12, 14-22.  Furthermore, the FTCA does not waive sovereign immunity and authorize imposition of liability under the doctrine of *respondeat superior* for FHFH LP's (or FHFH LP's contractors or subcontractors) alleged negligence in maintaining unit 5577-1, because the Army has not (and does not) control or exercise physical day-to-day supervision over FHFH LP's maintenance of family housing.  SOF ¶¶9-13. 25-28.

### III.  STATEMENT OF FACTS: *See* Appendix A

### IV.  STANDARD OF REVIEW

The party invoking federal jurisdiction bears the burden of proof.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  In deciding a Rule 12(b)(1) motion, the Court is not limited to Plaintiffs' allegations, but may consider materials outside the pleadings without converting the motion into one for summary judgment.  *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (in deciding a motion to dismiss for lack of jurisdiction, a court "may inquire by affidavits or otherwise, into the facts as they exist"); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511-12 (5th Cir. 1980).  If the material jurisdictional facts are not in dispute, and their application of the law to those facts requires dismissal, the moving party is entitled to prevail as a matter of law.

## V.  ARGUMENT

A.  **Implementation of MPHI and Privatization of Family Housing at Fort Hood.**

The Army has used the authority provided by Congress' enactment of the MHPI to privatize family housing at Fort Hood.  SOF ¶¶1-7.  A Limited Partnership, FHFH LP, has served as the vehicle for privatization.  SOF ¶7.  FHFH, Inc., is the general partner and FHFH Business Management LLC, Military Housing Property Management LLC, and the Army are limited partners.  SOF ¶¶10-11.  FHFH LP was created to "acquire, own, hold, manage, finance, operate, lease, improve, alter and dispose" of real property and housing units.  SOF ¶8  "All property acquired by the Partnership, real, personal, or mixed, tangible or intangible, shall be owned by the Partnership as an entity, and no Partner, individually, shall have any ownership interest therein . . ."  SOF ¶9.  The General Partner, FHFH, Inc., possesses "exclusive management and control of the business and affairs of the Partnership," and has "the exclusive full power and authority to manage, conduct and operate the Partnerships business . . ." SOF ¶11.

Limited Partners, such as the Army, are prohibited from engaging in day-to-day management or supervision of FHFH LP business.  The agreement provides that:

> No Limited Partner shall, in its capacity as a Limited Partner: (a) be permitted to take part in the management, control, or conduct of the business or affairs of the Partnership . . . ; (b) have the right to vote on any matters other than the matters specifically set forth in this Agreement . . . ; or (c) have the authority or power in his or its capacity as Partner to act as agent for or on behalf of the Partnership or any other Partner, to do any act which would be binding on the Partnership . . .

SOF ¶12.

Consistent with the MHPI, the Army has entered into various agreements with FHFH LP, including a 50-year reversionary Ground Lease and a Bill of Sale that transferred title, ownership,

3

and responsibility for family housing, including unit 5577-1 to FHFH LP.  SOF ¶14.  FHFH LP contracted with FHFH Business Management LP ("Business Manager") to operate, manage, and maintain the housing units.  SOF ¶15.  Business Manager contracted with FHFH Property Management LP ("Property Manager") to manage the property, *see* SOF ¶16, and All Star Management LLC ("All Star") to maintain and repair the housing units.  SOF ¶17.  As previously noted, the government is a limited partner and possesses an equity interest in FHFH LP; however, as a limited partner the Army does not possess an ownership interest in the transferred housing units, nor may it supervise or exercise control over management or maintenance of the housing units.  SOF ¶¶10-12.

The Army and FHFH LP, through their Business Agreement, acknowledge that the Army retains "command and control authority over the Property and Residents pursuant to Fort Hood Reg. 210-48 . . . " SOF ¶¶18, 20.  The Business Agreement further provides that FHFH LP will "cause to be kept, maintained or managed, the Property in good condition and repair . . ."  SOF 19.  Consistent with the Business Agreement and the MHPI, Regulation 210-48 provides that FHFH LP is responsible for maintenance of family housing units.  SOF ¶¶21-22.  Finally, the Business Agreement also requires FHFH LP to maintain insurance, including a $75 million general liability policy against claims for bodily injury, death or property damage.  SOF ¶23.  The Army is insured under that policy.  SOF ¶24.

There are more than 6,000 family housing units at Fort Hood.  SOF ¶5.  The Army's Residential Community Initiative ("RCI") office at Fort Hood is charged with responsibility for monitoring the contracts with FHFH LP which includes design and construction of new housing, renovation of existing housing, and management and maintenance of family housing units.  SOF

¶25. When fully staffed, the RCI has six employees, including administrative support staff. SOF ¶26. Consistent with the Partnership and Business Agreement, the Army, the RCI, does not direct or control FHFH LP (or FHFH LP contractor or subcontractor) or FHFH LP employees. SOF ¶¶12, 27. Rather, the RCI monitors and spot checks design and construction plans, renovation, and management and maintenance practices to assess and determine whether FHFH LP is complying with its contractual obligations and whether FHFH LP should receive incentive payments available under the contracts. SOF ¶28.

The housing unit at issue was and is owned by FHFH LP and managed and maintained by FHFH LP. SOF ¶¶14-19. The Army, consistent with the MHPI, the Partnership Agreement, Business Agreement, and Regulation 210-40, has not been, and is not, involved with the day-to-day supervision of management or maintenance of family housing units at Fort Hood. SOF ¶¶1-4, 12, 18-19, 25-28.

**B.      The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' FTCA Claims.**

Plaintiffs have not met their burden of proof to invoke this Court's jurisdiction. The United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 591 (1941). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *See United States v. Mitchell*, 463 U.S. 206, 212 & n.9 (1983).

The FTCA waives sovereign immunity and allows private individuals to sue the federal government for the negligent torts of its employees. 28 U.S.C. §1346(b)(1). However, the FTCA enumerates a number of exceptions and excludes from that waiver claims arising from discretionary policy decisions, such as the Army's decision to transfer ownership and

responsibility for maintenance and repair of housing units to FHFH LP, 28 U.S.C. § 2680(a), and claims arising out of negligent acts by government contractors.  28 U.S.C. § 2671.

"Courts must strictly construe all waivers of . . . sovereign immunity, and must resolve all ambiguities in favor of the sovereign."  *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (citing *United States v. Nordic Vill., Inc.,* 503 U.S. 30, 34 (1992)).  Moreover, jurisdiction must be addressed prior to the merits, and thus, the Court must determine as an initial matter whether Plaintiffs' claims are barred by the discretionary function and the contractor exceptions to the FTCA waiver of sovereign immunity.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (requiring a jurisdictional determination as a "threshold matter").

### 1. TheTransfer of Ownership and Responsibility for Maintenance of Family Housing at Fort Hood is a Protected Discretionary Decision.

The FTCA discretionary function exception bars tort claims

> based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. §2680(a).  The purpose of this exception is to protect against "judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  *United States v. S.A. Empresa De Viacao Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984); *see also Guile v. United States*, 422 F.3d 221, 229-31 (5th Cir. 2005).

The Supreme Court has set forth a two-part test for application of the exception: (1) the challenged conduct must involve an element of judgment or choice, and (2) the judgment or choice must be susceptible to being based on considerations of public policy.  *See Gaubert v.*

*United States*, 499 U.S. 315, 323-25 (1991); *Aix El Dorado v. Southwest Sav. & Loan Ass'n*, 36 F.3d 409, 411 (5th Cir. 1994). Under the first part of the test, the claimant must show that the challenged conducted violated a mandatory and specific federal statute, regulation or policy. *See Varig Airlines*, 467 U.S. at 816-17. Only mandatory statutes, regulations, or policies that prescribe a specific course of action or conduct and withdraw discretion from the government actors are relevant to this inquiry. *See Buchanan v. United States*, 915 F.2d 969, 971-72 (5th Cir. 1990).

The second-part of the discretionary function exception requires the Court to determine whether the conduct was of the type that the exception was intended to shield, *i.e.*, whether the challenged decision is **susceptible** to economic, social or political policy analysis. *See Gaubert*, 499 U.S. at 324-25; *Aix El Dorado*, 36 F.3d at 411. When statutes, regulations, or guidelines allow a government agent to exercise discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324; *see also Baldassaro v. United States*, 64 F.3d 206, 208-09 (5th Cir. 1995).

In the instant case, Congress, through its enactment of the MHPI, authorized the Army to privatize family housing, and, consistent with the MHPI, the Army transferred ownership of family housing units at Fort Hood to FHFH LP and entered into an agreement with FHFH LP making FHFH LP responsible for the operation and maintenance of those units. SOF ¶¶1-4, 6-14, 18-19. It is well established that the decision – to hire a contractor, choice of contractor, and supervision of a contractor's work, including the degree of oversight to exercise – are inherently protected discretionary decisions. *See Guile*, 422 F.3d at 231; *see also Duff v. United States*, 999 F.2d 1280, 1281-82 (8th Cir. 1993) (in context of claim arising out of military housing the court

held that the decision to delegate responsibility to a contractor, including responsibility for safety, is protected by the discretionary function exception).

### 2. Plaintiffs' *Respondeat Superior* Claim is Barred by the FTCA's Contractor Exception.

Plaintiffs' *respondeat superior* claim is barred by the FTCA's contractor exception. The FTCA waives sovereign immunity for injuries caused by an "employee of the Government while acting within the scope of his office or employment," § 1346(b)(1), and excludes from that waiver injuries caused by "any contractor with the United States." 28 U.S.C. § 2671; *see also United States v. Orleans*, 425 U.S. at 813-14 (same).

Whether a party is a contractor or an employee of the government is a question of federal law. *Logue v. United States*, 412 U.S. 521, 528-29 (1973). This determination turns on whether the United States had the right to "control the detailed physical performance of the contractor" *and* "whether day-to-day operations are supervised by the Federal government." *Id.* at 528; *see also Orleans*, 425 U.S. at 815; *Jasper v. FEMA*, 2011 WL 682886 at *1 (5th Cir. Feb. 25, 2011); *Broussard v. United States*, 989 F.2d 171, 174 & nn.5-6 (5th Cir. 1993).

Consistent with the Partnership Agreement, Business Agreement, and Regulation 210-40, the Army has not (and does not) exercise day-to-day supervision or control of the maintenance of family housing units. SOF ¶¶7-13, 18-22, 25-28. Fort Hood has over 6,000 family housing units. SOF ¶¶5, 25. The Army's RCI office is responsible for monitoring FHFH LP's contracts with the Army. SOF ¶ 25. The RCI office at Fort Hood when fully staffed has six employees. SOF ¶ 26. These employees' duties and responsibilities are confined to monitoring and spot-checking FHFH LP (and FHFH LP's contractors and subcontractors). SOF ¶¶27-28.

held that the decision to delegate responsibility to a contractor, including responsibility for safety, is protected by the discretionary function exception).

### 2. Plaintiffs' *Respondeat Superior* Claim is Barred by the FTCA's Contractor Exception.

Plaintiffs' *respondeat superior* claim is barred by the FTCA's contractor exception. The FTCA waives sovereign immunity for injuries caused by an "employee of the Government while acting within the scope of his office or employment," § 1346(b)(1), and excludes from that waiver injuries caused by "any contractor with the United States." 28 U.S.C. § 2671; *see also United States v. Orleans*, 425 U.S. at 813-14 (same).

Whether a party is a contractor or an employee of the government is a question of federal law. *Logue v. United States*, 412 U.S. 521, 528-29 (1973). This determination turns on whether the United States had the right to "control the detailed physical performance of the contractor" *and* "whether day-to-day operations are supervised by the Federal government." *Id.* at 528; *see also Orleans*, 425 U.S. at 815; *Jasper v. FEMA*, 2011 WL 682886 at *1 (5th Cir. Feb. 25, 2011); *Broussard v. United States*, 989 F.2d 171, 174 & nn.5-6 (5th Cir. 1993).

Consistent with the Partnership Agreement, Business Agreement, and Regulation 210-40, the Army has not (and does not) exercise day-to-day supervision or control of the maintenance of family housing units. SOF ¶¶7-13, 18-22, 25-28. Fort Hood has over 6,000 family housing units. SOF ¶¶5, 25. The Army's RCI office is responsible for monitoring FHFH LP's contracts with the Army. SOF ¶ 25. The RCI office at Fort Hood when fully staffed has six employees. SOF ¶ 26. These employees' duties and responsibilities are confined to monitoring and spot-checking FHFH LP (and FHFH LP's contractors and subcontractors). SOF ¶¶27-28.

Responsibility for operation and maintenance of family housing units is the responsibility of FHFH LP, and these government employees do not possess the authority or ability to control or supervise FHFH LP's day-to-day operation and maintenance of the units.  SOF ¶¶27-28.

As the court explained in *Williams v. United States*, 50 F.3d 299 (4th Cir. 1995):  "*Logue* and *Orleans* establish the principle that the United States will not be liable under the independent contractor exception of the FTCA by virtue of entering contracts and demanding compliance with federal standards, unless the United States actually supervises the 'day to day operations' of the endeavor."  *Id*. at 306 (citing *Logue,* 412 U.S. at 529).  Thus, "compliance with [contract] directives does not transmute an entity into an agent or employee of the United States."  *Id*.; *see also Lathers v. Penguin Industries, Inc.*, 687 F.2d 69, 73-74 (5th Cir. 1982) (contract that gave the Government the right to prescribe safety standards, perform inspections, and direct the contractor to cease performance is not the equivalent of day-to-day supervision); *Berkman v. United States*, 957 F.2d 108, 113-14 (4th Cir. 1992) (the right to inspect and insure compliance with the terms of the contract is not "day-to-day physical control").

The court's ruling in *Bessinger v. United States*, 448 F.Supp.2d 684 (D. S.C. 2006) is instructive.  At issue in *Bessinger* were claims arising from construction of new housing at the Marine Corps Air Station, Beaufort, South Carolina ("MCAS").  *Id*. at 686-88.  Consistent with the MHPI, the Navy privatized housing at MCAS.  *Id*. at 687.  Plaintiffs owned property adjacent to the base and their property was damaged as a result of flooding caused by the construction of the new housing units.  *Id*. at 688.  Plaintiffs asserted that the United States was liable because: (1) it was "the owner of the property"; (2) it "continue[d] to hold an interest in the control and management of the property"; and (3) the agreements created "a 'partnership' or 'joint venture'

9

between the United States and the private developers," and therefore, the private developers were agents of the United States. *Id*. at 689.  The court dismissed the claims holding that, although the Navy possessed an equity interest in the partnership, it did not retain sufficient authority to exercise supervision and day-to-day control over the partnership's activities to impose liability under the FTCA.  The court explained:

> Although Plaintiffs broadly assert that the United States exerts ''ownership and control'' over the Air Station, the Lease makes it clear that the United States was not involved in the day-to-day operations of the construction or management of the housing units. . . . [T]he United States' involvement in the construction project was limited to inspecting the site for compliance with federal standards, and some limited duty to maintain common areas within the Air Station. . . . [T]he United States had a limited right to inspect ''from time to time'' the construction site for compliance with federal safety and environmental standards. . . . After construction was completed, the United States had an even more limited role in the operation of the Air Station, as it could only inspect the premises ''upon reasonable notice to [TCMM].'' . . . Such a limited right to inspect has been consistently held to be insufficient to justify a finding of agency.

*Id*. at 691.  The facts in *Bessinger* are substantially similar to those presented in the instant case, and as in *Bessinger*, Plaintiffs' *respondeat superior* claim should be dismissed for lack of subject matter jurisdiction because the Army did not control or supervise or control the day-to-day activities of FHFH LP.

## VI.  CONCLUSION

The Court should grant the United States' motion because Plaintiffs' claims are barred by the discretionary function and independent contractor exceptions to the FTCA waiver of sovereign immunity.  28 U.S.C. §§ 2671, 2680(a).

| | |
|---|---|
| Dated:  May 27, 2011. | Respectfully Submitted, |
| JOHN E. MURPHY<br>United States Attorney | TONY WEST<br>Assistant Attorney General, Civil Division |
| DANIEL CASTILLO<br>Assistant United States Attorney<br>United States Attorney's Office<br>816 Congress Avenue, Suite 1000<br>Austin, Texas 78701<br>Telephone: (512) 916-5858<br>E-Mail:  Daniel.Castillo@usdoj.gov | J. PATRICK GLYNN<br>Director, Civil Division, Torts Branch<br><br>DAVID S. FISHBACK<br>Assistant Director<br><br>*s/ Henry T. Miller*<br>HENRY T. MILLER<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone:  (202) 616-4223<br>E-Mail: Henry.Miller@usdoj.gov<br><br>Attorneys for Defendant United States |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 27, 2011, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all parties.

                                                 *s/ Henry T. Miller*
                                                 HENRY T. MILLER (D.C. Bar No. 411885)