**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2011 OCT 13  AM 10: 09

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

TREVOR WILSON and DARLENE WILSON,
Individually and as Representatives of Jaley
Wilson, a Minor,

        **Plaintiffs,**

-vs-

                         **Case No. A-11-CA-221-SS**

UNITED STATES OF AMERICA and ACTUS
LEND LEASE d/b/a Ft. Hood Family Housing,
LLP,

        **Defendants.**

## O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Defendant United States of America (the Army)'s Motion to Dismiss for Lack of

Jurisdiction [#8], Army's Letter to the Court Re-Urging the Motion to Dismiss [#25], Plaintiffs

Trevor and Darlene Wilson (Wilsons)'s response thereto [#27], and Army's reply [#31].  Also before

the Court is Defendant Actus Lend Lease (Actus)'s Response to Army's Motion to Dismiss [#28].

Having considered the aforementioned documents, the case file as a whole, and the applicable law,

the Court enters the following opinion and orders.

### Background

       The Wilsons claim they were exposed to mold and suffered personal injuries and property

damage while stationed at Fort Hood and living in on-base housing.  Pursuant to the Military

Housing Privatization Initiative enacted by Congress, housing at Fort Hood is owned and

administered by a private entity, Fort Hood Family Housing LP (FHFH).[1]  Defendant Actus Lend

Lease, a citizen of Texas, acting through related entities, is the general partner, in charge of

conducting the business of the FHFH.  The Army is a limited partner of FHFH.  Under the terms of

the partnership agreement, limited partners such as the Army cannot take part in day-to-day

decisions, and are limited to voting on "major decisions," such as large-dollar, unusual expenditures.

The Wilsons claim both the Army and Actus owed them a duty of care, and breached that duty by

failing to maintain their housing unit's air conditioner, provide a safe environment, and otherwise

prevent mold.  The Wilsons further assert any breach by Actus can be imputed to the Army under

the doctrine of respondeat superior.  Finally, the Wilsons assert the Army was negligent in delegating

on-base housing responsibilities to FHFH and Actus.

### Discussion

### I.     Legal Standard for Motion to Dismiss under Rule 12(b)(1)

The Army seeks dismissal of the claims against it for lack of subject matter jurisdiction,

pursuant to Federal Rule of Civil Procedure 12(b)(1).  Federal district courts are courts of limited

jurisdiction, and they may only exercise such jurisdiction as is expressly conferred by federal statute.

*See Le Mieux Bros. v. Tremont Lumber Co.*, 140 F.2d 387, 389 (5th Cir. 1944).  Federal Rule of

Civil Procedure 12(b)(1) provides the vehicle through which subject matter jurisdiction may be

challenged.  Thus, the burden of establishing subject matter jurisdiction by a preponderance of the

evidence rests with the party seeking to invoke it.  *New Orleans & Gulf Coast Ry. Co. v. Barrois*,

533 F.3d 321, 327 (5th Cir. 2008) (citations omitted).

---

[1]FHFH's ownership of the buildings is coordinate with a fifty-year ground lease from the Army.

In evaluating a challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied that jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations of the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**II.     Sovereign Immunity and the Federal Tort Claims Act**

**A.     Independent Contractors Exception**

As sovereign, the United States is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act is such a consent, albeit one of limited scope. *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). Like all waivers of sovereign immunity, it is strictly construed, and any ambiguities are resolved against waiver of immunity. *Id.* Specifically, the FTCA embodies a consent to sue the government for any acts or omissions committed by an "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the waiver does not include

acts of independent contractors. *See id.* § 2671 (excluding contractors from the definition of "federal agency" to which the act applies); *Linkous*, 142 F.3d at 275.

"The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Id.* However, in the absence of control, courts must still apply traditional principles of agency law to determine if the putative contractor is nevertheless an employee to whom the exception does not apply. *Id.* at 276 (citing RESTATEMENT (SECOND) AGENCY § 220). The Restatement enumerates those principles as ten factors:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

RESTATEMENT (SECOND) AGENCY § 220 (quoted approvingly by *Linkous*, 142 F.3d at 276).

"Although such a determination does not require mathematical precision, if the government lacks the power to control an individual, plus several factors listed in § 220 weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor." *Linkous*, 142 F.3d at 276.

**B.     Discretionary Function Exception**

In addition, the FTCA does not apply to "discretionary" acts, functions, or duties of government agencies and employees. 28 U.S.C. § 2680(a); *Guile v. United States*, 422 F.3d 221, 229 (5th Cir. 2005). The purpose of this exception is to preclude judicial "second-guessing" of policy-based legislative and administrative decisions. *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984). For the exception to apply, the acts must involve judgment and choice, and even then only where the "'governmental actions and decisions [are] based on considerations of public policy.'" *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 537 (1988). The discretionary function exception does not apply when a federal statute, regulation, or policy prescribes a specific course of conduct for the employee to follow. *Berkovitz*, 486 U.S. at 536. Generally, the decision to delegate to a particular contractor falls within the exception. *Duff v. United States ex rel. United States Air Force*, 999 F.2d 1280, 1281 (8th Cir. 1993).

**C.     Application**

Here, the Army correctly asserts both exceptions. First, applying relevant agency principles to the facts at hand, the Court concludes Actus was an independent contractor, not an employee of the Army. The Army did not exercise control over the physical performance of Actus, or FHFH.[2] The partnership agreement made clear the Army, as a limited partner, had no power over day-to-day decisions, *see* Def.'s Motion to Dismiss [#8], Ex. 3 § 7.09,  and even when it could weigh in, on

---

[2]The Wilsons point to a "Command and Control" section in the partnership agreement as evidence the Army retained control over Actus and FHFH. However, the terms of the section make no reference to operation, maintenance, or construction of Fort Hood residences. Moreover, uncontroverted testimony demonstrates to the Court this section refers to the authority of the commanders of Fort Hood to exercise command and control over the *residents*—to maintain order among them—rather than any control over Actus or FHFH. Def.'s Reply [#31], App. B, Ex. 1, at 94.

"major decisions," the practice appeared to be a shared decision making process, rather than unilateral direction by the Army, *see* Def.'s Reply [#31], App. B, Ex. 1, at 21–24. Furthermore, the Wilsons are unpersuasive in asserting the Army exercised control through "spot checks." These were not conducted at every unit, and the office conducting the checks apparently had only six persons assigned to it, compared to over 6,000 on-base units, serviced by over 200 private FHFH employees.

The majority of the other relevant Restatement factors also militate against employee status for Actus or FHFH. Actus was engaged in a "distinct occupation or business"—building and maintaining on-post housing. Managing over 6,000 commercial-style residential units presumably required considerable institutional skill. FHFH, and Actus and its subcontractors, not the Army, apparently supplied the instrumentalities of this work—although the Army had originally owned the on-post housing, it had conveyed the structures to FHFH.[3] Providing commercial residences is not the regular business of the Army: the Army is engaged in an altogether more bellicose vocation. Even if providing such residences was once part of the regular business of the Army, it is no longer so, at least at Fort Hood—that was Congress's very purpose in allowing privatization of on-base housing. Finally, the parties did not believe they were creating an employer–employee relationship. Rather, both the form of the documents and deposition testimony demonstrate the parties believed they were forging a partnership. In consideration of all of the foregoing, Actus was an independent contractor, not an employee of the Army, and thus sovereign immunity is not waived.

---

[3]This factor partly cuts the other way, in that the Army did supply the "place of work" via the fifty-year ground lease. But the Court finds, on balance, the outright conveyance of the buildings, as well as the other factors, outweighs that fact.

The discretionary function exception also applies. The Wilsons assert the Army was negligent in entrusting management of on-base housing to the various FHFH entities, including Actus. But whether sound or not, that decision was a discretionary, policy function, and not one mandated by a particular statute. *See Duff*, 999 F.2d at 1281. This is confirmed by the language of the statutory authorization for privatized on-base housing—Congress specified the Army "may" create such relationships, but did not compel it to do so. *See, e.g.*, 10 U.S.C. 2878(a) ("The Secretary concerned may convey or lease property or facilities (including ancillary supporting facilities) to eligible entities for purposes of using the proceeds of such conveyance or lease to carry out activities under this subchapter.").

## Conclusion

Because the Wilsons have not met their burden to show Actus was an employee, or demonstrated the decision to entrust on-base housing to Actus was not discretionary, the Court concludes the Wilsons' claims against the Army are barred by sovereign immunity, and this Court therefore lacks subject matter jurisdiction over them. In addition, when claims supporting federal jurisdiction have been dismissed for lack of subject matter jurisdiction, leaving only the "pendent" state claims, the general rule in the Fifth Circuit is to dismiss the remaining state claims. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011). Therefore, the Court DISMISSES WITHOUT PREJUDICE the Wilsons' claims against Actus. In accordance with the foregoing, the Court orders the following:

IT IS ORDERED that Defendant United States of America's Motion to Dismiss [#8] is GRANTED in full.

-7-

IT IS FURTHER ORDERED that Plaintiffs Trevor and Darlene Wilson's claims in

the above-styled and numbered cause are hereby DISMISSED WITHOUT PREJUDICE for

lack of subject matter jurisdiction.

SIGNED this the *12* day of October 2011.


*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE